UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| HEEREMA ENGINEERING SERVICES, B.V. | CIVIL ACTION NO. 07-2170 |
| VERSUS | JUDGE MELANÇON |
| TRANSOCEAN, INC., ET AL | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the Court are defendants' Motion to Transfer Venue [Rec. Doc. 16], plaintiff's Memorandum in Opposition to defendants' Motion [Rec. Doc. 19], defendants' Reply to plaintiff's Opposition [Rec. Doc. 20], and defendants' Surreply in Opposition to defendants' Motion [Rec. Doc. 24].  For the reasons that follow, defendants' Motion [Rec. Doc. 16] will be **GRANTED**.

### I. BACKGROUND

Heerema Engineering Services, B.V. ("Heerema" or "plaintiff"), a Dutch engineering firm which designs and builds offshore drilling rigs, is the owner of United States Patent No. 5,647,443 (the "'443 Patent"). In December of 2007, Heerema initiated this action against Transocean, Inc., a Cayman Islands corporation with offices in Houston, Texas, and Transocean Offshore Deepwater Drilling, Inc., a Delaware corporation with its principle place of business in Houston, Texas (collectively, "Transocean" or "defendants"), alleging that defendants "[. . .] have been and are infringing one or more claims of the '443 patent [. . . by] offering for sale and selling dual-activity rigs for use in the Gulf of Mexico." *Complaint* [Rec.


Doc. 1], pg. 2.  Venue is proper in this district due to defendants' regular and established business presence in St. Mary Parish, Louisiana, which is encompassed by the Lafayette Division of the Western District of Louisiana.  Despite venue being proper in this district, defendants have filed a Motion to Transfer Venue to the Southern District of Texas based upon the convenience of the witnesses and parties.  Plaintiff opposes this motion.

## II.  DISCUSSION

### A.  *Standard for Change of Venue under 28 U.S.C. § 1404(a).*

Under 28 U.S.C.§ 1404(a), "[f]or the convenience of parties and witnesses, [and]  in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  This language is permissive, as opposed to mandatory, and, accordingly, a transfer pursuant to this section is within a court's sound discretion.  *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).  Before a court may exercise this discretion, however, it must resolve the threshold issue of whether plaintiff's claims could have been properly brought in the judicial district to which transfer is sought.  *In Re Volkswagen, A.G.*, 371 F.3d 201, 203 (5th Cir. 2004) [*hereinafter In Re Volkswagen I*] (*citing In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003)).

If the motion survives this threshold determination, the movant then bears the burden of demonstrating that a transfer of venue is warranted.  *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)*; and Time, Inc. v. Manning*, 366 F.2d

690, 698 (5th Cir. 1966).[1] To determine the appropriateness of a transfer, a court must consider the "convenience of the parties and witnesses," and should not transfer a case "if the only practical effect is to shift inconvenience from the moving party to the non-moving party." *Spiegelberg v. Collegiate Licensing Co.*, 402 F.Supp.2d 786, 789 (S.D. Tex. 2005) (*quoting Goodman Co., L.P. v. A & H Supply, Inc.*, 396 F.Supp.2d 766, 776 (S.D. Tex. 2005); *See Also In Re Volkswagen of America, Inc.*, 506 F.3d 376, 384 (5th Cir. 2007), *en banc rehearing granted,* 517 F.3d 785 (5th Cir. 2008) [*hereinafter In Re Volkswagen II*] (stating that "[w]hen the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed").

Resolving the question of convenience involves a consideration of certain enumerated private and public interest factors. *In Re Volkswagen I*, 371 F.3d at 203. The relevant private factors are (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of compulsory process; (5) the relative ease of access to sources of proof; (6) the possibility of delay and prejudice if transfer is granted; and (7) any other practical problems that make the case's trial easy, expeditious, and inexpensive. *Id.* (*citing Piper Aircraft Co. v. Reyno,* 454 U.S. 235 (1981)). The public interest factors are (1)

---

[1] In patent cases, the law of the regional circuit applies when considering transfer of venue pursuant to §1404(a). *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

3

the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.* No single factor is given dispositive weight. Instead, a court must balance these factors to determine whether the movant has shown "good cause" for the transfer and that the transferee forum is "clearly" more convenient than the chosen forum. *In Re Volkswagen II*, 506 F.3d at 384.

### B. Appropriateness of Venue in the Transferee Forum

Proper venue for patent infringement is governed by 28 U.S.C. § 1400(b). That section provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). It is undisputed in this case that the defendants reside in Houston, Texas which is encompassed by the Southern District of Texas. Accordingly, under the rules of venue for cases involving patent infringement, defendants' motion survives the threshold consideration as plaintiff could have originally brought this suit in the transferee forum.

### C. Application of the Private Interest Factors

1. *Plaintiff's Choice of Forum*

While a plaintiff's choice of forum is generally entitled to some deference, it is "neither conclusive nor determinative." *In re Horseshoe Entm't*, 305 F.3d at 359.

4

Close scrutiny of plaintiff's choice of forum is warranted when the plaintiff does not reside in the selected district or when most of the operative facts occurred outside of the chosen forum. *See Piper Aircraft*, 454 U.S. at 255-56; *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, 2003 WL 21251684 (N.D. Tex. 2003); and *McCaskey v. Cont'l Airlines, Inc.*, 133 F.Supp.2d 514, 529 (S.D. Tex. 2001). Here, plaintiff chose this forum because defendants allegedly "operate[] drilling rigs that infringe on the Heerema patent in this District," an assertion which is disputed by Transocean, and because Transocean "[...] employs hundreds of people in this District in order to supply, maintain, and operate the infringing rigs." *Plaintiff's Opposition* [Rec. Doc. 19], pg. 3. What is undisputed, however, is that plaintiff has absolutely no connection to this district whatsoever. Further, there are no allegations in plaintiff's Opposition that the allegedly infringing rigs were deigned or sold in this district. As it would seem, from the basis of the pleadings, that the majority of the operative facts occurred outside of this district and that plaintiff has no contacts whatsoever within this district, the initial choice of forum would, at best, weigh only slightly against transfer.

2.   *Convenience of the Parties and Material Witnesses*

"The relative convenience to the *witnesses* is often recognized as the most important factor under § 1404(a)" *Spiegelberg*, 402 F.Supp.2d at 790 (*emphasis added*). Evaluation of the convenience of the witnesses is not merely a battle of numbers, but should consider the content and quality, rather than sheer quantity, of

the testimony. *See* 15 Wright, Miller, and Cooper, Fed. Prac. & Proc. § 3851 (1976). Indeed, "the convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D. Tex. 1993). The moving party, however, may not simply state that key witnesses are inconveniently located. Movant must, instead, identify the key witnesses and outline the substance of their testimony. *Id.*

Here, Transocean names at least four key defense witnesses who reside in the Southern District of Texas. According to the undisputed assertions of the defendants, these witnesses were the inventors and designers of the allegedly infringing products. Thus, Transocean states that it would be more convenient for these key witnesses if the Court were to grant the transfer. In response, Heerema argues that, as Houston is only approximately 200 miles from this district, the inconvenience would be minimal at best. The United States Fifth Circuit Court of Appeal has stated "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404 is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance traveled." *In Re Volkswagen I*, 371 F.3d at 204-05. By plaintiff's own admission, the distance between the districts in this case is *at least* double the 100-mile threshold laid out by the Fifth Circuit. As the Court finds that the Southern District of Texas is more convenient for the witnesses and the distance between the districts substantially exceeds the Fifth Circuit's threshold, this factor weighs in favor of

transfer.

### 3. Place of the Alleged Wrong

Courts have found that "[i]n a patent infringement action, the preferred forum is that which is the center of gravity of the accused activity." *Minka*, 2003 WL 21251684 at *3; *See also S.C. Johnson & Son, Inc. v. Gillette Co.,* 571 F.Supp. 1185, 1187-88 (D.C. Ill. 1983) ("The trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production."); *LG Elecs., Inc. v. First Int'l Computer, Inc.*, 138 F.Supp.2d 574, 590 (D.N.J. 2001). The "center of gravity" is located by considering "the location of a product's development, testing, research and production." *Minka*, 2003 WL 21251684, at *3 (*citing S.C. Johnson*, 571 F.Supp. at 1188). Also relevant is "the place where the marketing and sales decisions occurred, not just the location of any particular sales activity." *Id.*; *see also LG Electronics*, 138 F.Supp.2d at 590. In intellectual property infringement suits, which "often focus on the activities of the alleged infringer, its employees, and its documents," it is the location of the alleged infringer's principal place of business that is often the critical and controlling consideration in adjudicating transfer of venue motions. *Spiegelberg*, 402 F.Supp.2d at 792 (*quoting Houston Trial Reports*, 85 F.Supp.2d 663, 668 (S.D. Tex. 1999)); *see also Minka*, 2003 WL 21251684, at *3.

Here, it is undisputed that defendants' headquarters and principle place of business are in Houston, Texas. This is also where it is alleged that the infringing

7

item was researched, developed, and marketed.  While some of the items may be in this district, the locus of activity giving rise to the allegations in this case would be in the Southern District of Texas.  Accordingly, this factor weighs in favor of transfer.

*4.     Cost of obtaining the attendance of witnesses & Availability of compulsory process*

There is no indication that any witnesses would be unwilling to travel to this district should the Court deny defendants' motion.  As such, whether the Court lacks the ability to compel attendance would seem, at best, neutral in this case.  However, the cost of those witnesses who are willing to appear must also be taken into consideration.  Thus far, the only identified witness on behalf of plaintiff is the inventor of the '443 patent, René Broeder, who resides in the Netherlands.  Regardless of the outcome of this motion, Mr. Broeder will have to travel a substantial distance, and his costs would not be substantially different in either forum.  On the other hand, defendants' identified key witnesses would have increased costs of attendance were the case to remain in this district as continuing this action in this district would necessarily require the witnesses to travel over 200 miles, one-way, to attend the trial or any hearings.  Conversely, as those witnesses are located in Houston, their travel costs would be significantly less if the case were transferred to the Southern District of Texas.  Accordingly, this fact weighs in favor of transfer.

*5.  Relative ease of access to sources of proof*

Transocean maintains that all of the relevant sources of proof are located in the Southern District of Texas. In response, Heerema maintains that the infringing rigs which are allegedly located in this district will require inspection; thus, sources of proof are available here. Given the relative ease of electronic discovery of documents, the fact that "most of the key documents are located in Houston" is of very little weight. *Defendants' Motion* [Rec. Doc. 16], pg. 8. Similarly, the contention that some of the allegedly infringing rigs are located in this district is of little moment as there is no contention that the rigs would have to be moved to Houston should an inspection be necessary. The ease of access to the rigs, then, remains the same whether the case is in the Southern District of Texas or the Western District of Louisiana. This factor, then, is neutral.

*6.  Possibility of delay and prejudice if transfer is granted*

The Fifth Circuit has stated that this factor is relevant only in rare and special circumstances and only when such circumstances are established by clear and convincing evidence. *In Re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002). In this case, it is highly unlikely that any delay or prejudice would be occasioned by a transfer as no substantive motions are before the Court and no pre-trial deadlines or trial dates have been set. Accordingly, this factor is neutral.

7.  *Other practical problems that make the case's trial easy, expeditious, and inexpensive*

The only "practical problems" identified by either party are plaintiff's allegations that "Transocean ignores its significant contracts in this district," and that "much of the discovery in this action will center around Transocean facilities, rigs, and witnesses in this District." *Opposition* [Rec. Doc. 19], pg. 8. As these issues have previously been adequately addressed in consideration of the other factors, the Court finds this factor to be neutral.

### D.  Application of the Public Interest Factors

1.  *Administrative difficulties caused by court congestion.*

There is no indication, in the record or otherwise, that any administrative difficulties may result from court congestion in either the Western District of Louisiana or the Southern District of Texas. This factor, then, is neutral.

2.  *Local interest in adjudicating local disputes*

In this case, a Dutch corporation alleges that a Delaware corporation, with its principle place of business in Texas, engaged in federal patent infringement. As noted *supra*, the locus of the alleged acts of infringement occurred from the defendants' headquarters in Houston, Texas. Although some of the items may be located in this district, it is clear that the citizens of the Southern District of Texas have a more significant interest in the resolution of this matter than the citizens of the Western District of Louisiana. Therefore, this factor favors transfer.

3. *Unfairness of burdening citizens in an unrelated forum with jury duty*

As some of the allegedly infringing rigs may be located in this district, it is arguable that, while the citizens of the Southern District of Texas have a greater interest, the citizens of both districts have some interest in the resolution of this dispute. As such, this factor is neutral.

4. *Avoidance of unnecessary problems in conflict of laws*

This case hinges solely on the resolution of federal patent law. Therefore, as no issues of conflicts of law are present in this case and as both courts are equally capable of resolution of these issues, this factor is neutral.

## III. CONCLUSION

Having balanced the appropriate factors, the Court finds that the defendants' have sustained their burden of showing that the Southern District of Texas is clearly a more convenient forum than the Western District of Louisiana. Accordingly, the Court will **GRANT** the defendants' motion and order that this case be transferred pursuant to 28 U.S.C. § 1404(a).